**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ann Beltran, | No. CV-21-00864-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Select Portfolio Servicing Incorporated, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Dismiss. (Doc. 12.) The Court has read and considered the motion, response, and reply and enters the following Order.

**I.      Factual Background**

Plaintiff entered into a home loan agreement with Household Realty Corporation ("Household Realty") in 2006. The original interest rate on the note was 8.2% and was reduced periodically until it was down to 7.1% in 2011. In December 2011, Household Realty offered a loan modification to Plaintiff. The offer reduced the interest rate to 5%, which then reduced the monthly payment. Plaintiff alleges that she consummated the loan modification, but she continued to be charged as if the loan modification never went into effect. Defendant serviced the loan. Plaintiff alleges that Defendant did not properly allocate the payments to principal after the loan modification. As such, Plaintiff alleges that she overpaid on her loan in the amount of $89,907.84. Plaintiff filed this action asserting claims for breach of contract, accounting, and unjust enrichment.

**II.      Legal Standard**

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### III.     Discussion

To state a cause of action for breach of contract, the Plaintiff must plead facts alleging "(1) a contract exists between the plaintiff and defendant; (2) the defendant breached the contract; and (3) the breach resulted in damage to plaintiff." *Dylan Consulting Servs. LLC v. SingleCare Servs. LLC*, No. CV-16-02984-PHX-GMS, 2018 WL 1510440, at *2 (D. Ariz. Mar. 27, 2018). Defendant argues that this claim should be dismissed because Defendant is not a party to the contract; thus, Plaintiff has sued the wrong party. Where there is no contractual relationship, there "can be no cause of action for breach of contract." *Lloyd v. State Farm Mut. Auto. Ins. Co.*, 943 P.2d 729, 735 (Ariz.

Ct. App. 1996). Plaintiff offers no authority for the proposition that the loan servicer can be held responsible for the contract between a borrower and lender. Plaintiff's response does not even discuss the contract but argues that Defendant had a duty to provide an accurate statement as to the amounts paid. Plaintiff does not tie that duty to any particular contract. Mere loan servicers are not often found to be in privity with borrowers. *See, e.g., Mazzei v. Money Store*, 308 F.R.D. 92, 109 (S.D.N.Y. 2015), aff'd, 829 F.3d 260 (2d Cir. 2016) ("A significant majority of courts have concluded that loan servicers are not in privity of contract with mortgagors where the servicers did not sign a contract with the mortgagors or expressly assume liability.") (collecting cases); *Conder v. Home Sav. of Am.*, 680 F. Supp. 2d 1168, 1174 (C.D. Cal. 2010) ("The fact that Aurora entered into a contract with HSA to service Plaintiff's loan does not create contractual privity between Aurora and Plaintiff.").

On the first page of her response, Plaintiff cites to one paragraph of the Deed of Trust that says, "the covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower." Plaintiff does not explain how that binds Defendant. Presumably, Plaintiff is asserting that Defendant is a successor or assignee of the loan agreement but provides no factual allegations or legal authority for that proposition. Because there are no factual allegations that provide a basis for finding a contractual relationship between Plaintiff and Defendant, this claim will be dismissed.

Defendant also moves to dismiss the remaining claims for accounting and unjust enrichment and Plaintiff agrees. Therefore, those claims will be dismissed.

### IV. Leave to Amend

Plaintiff requests leave to amend. In doing so, Plaintiff requests that the Court order Defendant to provide the name of the correct party to sue. However, as Defendant points out, it is not Defendant's job to identify the correct defendant. Plaintiff has an obligation to exercise due diligence prior to filing a lawsuit and has offered no facts to support the allegation that Defendant somehow prevented Plaintiff from discovering the correct party.

Plaintiff has offered no other reason why she should be allowed to amend her complaint, so the Court finds amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (leave to amend should be granted unless the court determines that the pleading could not possibly be cured by the allegation of other facts).

### V. Conclusion

**IT IS ORDERED** granting Defendant's Motion to Dismiss with prejudice. (Doc. 12.)

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this case.

Dated this 1st day of December, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge